UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10098-GAO

MARIE E. LUONGO,
Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS,
DEPARTMENT OF DEVELOPMENTAL SERVICES,
and AFSCME COUNCIL 93,
Defendants.

OPINION AND ORDER
March 15, 2013

O'TOOLE, D.J.

The plaintiff alleges that the Commonwealth of Massachusetts Department of Developmental Services violated 42 U.S.C. § 2000e-3(a) ("Title VII") by retaliating against her in response to her filing a complaint with the Massachusetts Commission Against Discrimination ("MCAD"). Luongo filed a complaint with MCAD in 1997 regarding a disciplinary action to which she was subjected, alleging that she was discriminated against on the basis of her race and sexual orientation. The complaint was dismissed by MCAD for want of probable cause. In December 2009, following multiple complaints about her behavior, Luongo was suspended for three days, and upon her return from suspension she was demoted and transferred to a different residential facility. Luongo was ultimately fired on May 21, 2010, following more complaints about her behavior. Luongo alleges that her termination in 2010 was retaliation for her 1997 MCAD complaint, in violation of Title VII. The Commonwealth has moved to dismiss (dkt. no. 16) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

To sustain her Title VII claim, Luongo must show that "(1) she engaged in protected activity; (2) she suffered some materially adverse action; and (3) the adverse action was causally linked to her protected activity." Booker v. Massachusetts Dept. of Public Health, 612 F.3d 34, 43 (1st Cir. 2010) (citing Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 78, 81 (1st Cir. 2007)) (internal citations omitted). Luongo has satisfied the first two elements of a Title VII claim. Her 1997 MCAD complaint was protected activity under Title VII, and her three-day suspension and demotion in December 2009, along with her termination in May 2010, were adverse actions for the purposes of Title VII. Luongo's claim does not, however, satisfy the third element. Luongo has failed to advance any facts that would support even a weak inference of a causal relationship between her 1997 MCAD complaint and her suspension and demotion in December 2009 or her termination on May 21, 2010.

Plaintiffs can sometimes rely on the temporal proximity of the adverse action to the exercise of protected activity to raise an inference of retaliatory motive. See Clark County School Dist. V. Breeden, 532 U.S. 268, 273-74 (2001) (noting that the cases accepting temporal proximity as sufficient evidence of causality have held that the temporal proximity must be "very close," and the gap of twenty months in that case "suggests, by itself, no causality at all.") (internal citations omitted). In light of the lengthy amount of time that elapsed between Luongo's protected activity and the adverse action – twelve to thirteen years – an inference of a causal connection is not reasonable, and she cannot have the benefit of this alternative route to satisfying the third element of a Title VII claim.

For the reasons set forth herein, the Commonwealth's Motion to Dismiss (dkt. no. 16) is GRANTED. The Complaint is DISMISSED as to the Commonwealth.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge